# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TANGI TRUELOVE**                                                                              **PLAINTIFF**

**VS.**                                                             **CAUSE NO. 3:13-CV-00042-NBB-SAA**

**BOLIVAR COUNTY, MISSISSIPPI**                                                              **DEFENDANT**

## MEMORANDUM OPINION

Presently before the court is the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiff, Tangi Truelove, was hired as a counselor by the Bolivar County Regional Correctional Facility ("BCRCF") in July 2009. The plaintiff holds a bachelor's degree in psychology. While employed by BCRCF, Truelove helped the facility acquire a grant through the United States Department of Justice which brought several hundred thousand dollars to the facility for the establishment of a female alcohol and drug rehabilitation program. BCRCF already had an existing male alcohol and drug program. The program and Truelove's $30,000 salary and benefits were completely funded by the federal grant, but Truelove was deemed an employee of Bolivar County.

When Truelove, a white female, was hired by Bolivar County, Tommy Taylor, a white male, was BCRCF warden, and Mack Grimmett, also a white male, was the sheriff of Bolivar County. Tracy Hays, a white female, was assistant warden.

Kelvin Williams, a black male, was elected sheriff and took office on January 2, 2012. James Moore, a black male, became warden. Shortly thereafter, Williams promoted Brenda

Cook-Hall, a black female with no college degree or counseling certification, to be the director of the male alcohol and drug program at the facility at a salary of $40,000 per year. He appointed Jean Fair, a black female, to be assistant director, with a $35,000 salary. Truelove, who was forced to reapply for her position with the new sheriff, formally requested a raise but was declined despite the fact that the raise would be fully funded by federal monies and would cost Bolivar County nothing. In reapplying for her position and requesting a raise, the plaintiff indicated that she would be amenable to being promoted to director of the male program, but she did not formally apply for that position.

The plaintiff asserts that from the time Williams took office, he and Moore made her employment unnecessarily difficult and at times even dangerous and that she was harassed because of her race. She filed an EEOC charge alleging race discrimination on June 6, 2012. She resigned her position on July 16, 2012, and asserts that her resignation was in fact a constructive discharge. The EEOC issued the plaintiff's right to sue letter on November 28, 2012. She filed the present action on February 14, 2013, alleging claims of racial harassment, race discrimination, failure to promote, constructive discharge, and unequal pay because of race, pursuant to Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment to the United States Constitution. The defendant has moved for summary judgment on all claims.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial

burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court.

3

>Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

<u>Findings</u>

The court finds that the plaintiff has set forth genuine issues of material fact including, but not limited to, whether the defendant intentionally discriminated against her because of her race in failing to pay her comparably to similarly-situated black employees, whether the plaintiff was subjected to racial harassment and a hostile work environment because of her race, and whether she was constructively discharged because of her race.

The court further finds that the plaintiff's claim for constructive discharge under Title VII (but not under Section 1981) must be dismissed because she did not file an EEOC charge on this claim subsequent to her resignation. Additionally, the court finds that the plaintiff's claim for failure to promote must be dismissed because the plaintiff did not apply for the position of director of the male alcohol and drug program. Finally, the defendant asserts that the plaintiff's claim for racial harassment should be dismissed because it was not pled in the complaint. The court disagrees and finds that the claim was adequately pled, and it shall proceed to trial.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment should be granted in part and denied in part.  A separate order in accord with this opinion shall issue this day.

This, the 10th day of September, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**